UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ILYA AZARYEV,                                    :
                                                 :
                          Plaintiff,             :        **DECISION & ORDER**
                                                 :        20-CV-4419 (WFK) (LB)
          v.                                     :
                                                 :
EDNA J. FLORES GARCIA,                           :
                                                 :
                          Defendant.             :
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**
Ilya Azaryev ("Plaintiff"), proceeding *pro se*, brings the present action against Edna J. Flores
Garcia ("Defendant") under 42 U.S.C. § 1983 alleging rights violations in relation to a New York
State Family Court ("Family Court") proceeding in which the Family Court ordered Plaintiff's
child removed from his custody. Compl., ECF No. 4, at ¶ 22. Before the Court is Defendant's
motion to dismiss, ECF No. 24, as well as Plaintiff's motion for summary judgment, ECF No. 34.
For the following reasons, the Court GRANTS Defendant's motion to dismiss and DENIES
Plaintiff's motion for summary judgment.

## BACKGROUND

Plaintiff alleges his son, A.A., born on December 8, 2017, was removed from his custody

on an unspecified date by the New York City Administration for Children Services ("ACS") and

placed in "foster custody, by a court order." Compl. ¶¶ 2, 5. Plaintiff alleges Defendant Edna

Flores Garcia, who is an ACS child protective specialist, was instrumental in removing his child

from his custody. *Id.* at ¶¶ 32, 36. Plaintiff further alleges he was "never aware, nor was he

invited to the [Family Court] proceedings," which took place in Richmond County, New York.

*Id.* at ¶ 34.

Accordingly, Plaintiff seeks (1) an order from this Court "granting writ of habeas corpus"

"command[ing] the defendants to release Plaintiff's child," Compl. at ¶ 48 and 14; (2)

compensatory damages; (3) a declaration "that the conditions, acts, omissions, policies, and

practices of Defendants and its agents, officials, and employees are in violation of the human

rights of Plaintiff under the Eighth and Fourteenth Amendments to the U.S. Constitution"; (4) injunctive and declaratory relief against Defendant; and (5) an award of attorney's fees and expenses. *Id.* at 14.

Plaintiff filed the instant Complaint on September 18, 2020 against Defendants Flores Garcia, ACS, Seamen's Society for Children, and Colleen Rose, A.A.'s aunt. On October 15, 2020, this Court dismissed Plaintiff's claims against ACS, Seamen's Society, and Rose for failure to state a claim, but permitted Plaintiff's § 1983 claim against Flores Garcia to proceed. *See* ECF No. 7. On October 14, 2021, Plaintiff filed a submission titled "Motion for Partial Summary Judgment," which this Court denied without prejudice based on finding it was untimely and failed to comport with the Individual Rules of this Court. *See* ECF Nos. 19, 32. On October 28, 2021, Defendant Flores Garcia, the only remaining defendant, filed a fully briefed motion to dismiss. ECF No. 24. In denying Plaintiff's "Motion for Partial Summary Judgment" at ECF No. 19, the Court explained that once it decided Defendant's fully briefed motion to dismiss, the Court would, if appropriate, set a briefing schedule for dispositive motions. ECF No. 32. Despite this Court's order, on March 16, 2022, Plaintiff filed another submission titled "Motion for Summary Judgment" at ECF No. 34, which is nearly identical to his opposition to Defendant's motion to dismiss and Plaintiff's earlier-filed "Motion for Partial Summary Judgment."

The Court now addresses Defendant's motion to dismiss. Because the Court grants Defendant's motion, and for the additional reason that Plaintiff's March 16, 2022 submission violates the Court's Individual Rules, the Court denies Plaintiff's motion for summary judgment.

## **DISCUSSION**

Because Plaintiff proceeds *pro se*, this Court must construe Plaintiff's complaint liberally

2

and interpret it to raise the strongest argument it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). The Court notes, however, that Plaintiff's submissions to the Court contain information suggesting he is an attorney. *See* Compl. at 1 (listing "Addam Law Firm LLP" below Plaintiff's name); *id.* at 15 (listing Plaintiff's mailing address: Ilya Azaryev, Addam Law Firm LLP, 710 Avenue S, Suite A6, Gravesend, New York 11223); IFP Application at 2, ECF No. 6 (containing notary stamp identifying "Ilya Azaryev, Esq."); ECF No. 5 at 1 (listing Plaintiff's email address as eli@addamlawfirm.com). However, Addam Law Firm LLP is not mentioned in the body of the Complaint and Plaintiff does not explicitly purport to be a lawyer. While Plaintiff is not entitled to the special solicitude given to *pro se* litigants if he is in fact a licensed attorney, *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010), because of the lack of clarity on whether Plaintiff is a lawyer, the Court construes Plaintiff's complaint liberally as it generally does for *pro se* plaintiffs.

Regardless of a plaintiff's *pro se* status, a federal court can preside over a case only if subject matter jurisdiction exists. When a federal court "concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). As described below, this Court lacks jurisdiction over Plaintiff's case under the domestic relations exception to federal jurisdiction. Because this Court must dismiss Plaintiff's claims under the domestic relations doctrine, it does not reach the additional arguments raised by Defendant regarding *Younger* abstention, *Rooker-Feldman*, and Plaintiff's failure to state any viable claim. *See* Mem. in Support of Mot. to Dismiss ("Def. Mem."), ECF No. 26, at 9-22.

### Domestic Relations Exception

Under the domestic relations exception to federal court jurisdiction, federal courts do not

have power "to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The exception arises from the Supreme Court's acknowledgment that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Chapman v. United States Dep't of Just.*, 21-CV-3906 (KAM), 558 F. Supp. 3d 45, 50 (E.D.N.Y. 2021) (Matsumoto, J.) (citing *In re Burrus*, 136 U.S. 586, 593-94 (1890)). As such, a federal court "will dismiss actions aimed at changing the results of domestic proceedings, including orders of child custody." *Rabinowitz v. New York*, 04-CV-2533 (ADS) (ETB), 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (Spatt, J.).

Further, a plaintiff seeking reversal of a state court custody order cannot prevent dismissal by framing his complaint in constitutional terms or by seeking damages. *See Meyers v. Hughes*, 18-CV-4399 (JS) (GRB), 2018 WL 3748156, at *3 (E.D.N.Y. Aug. 7, 2018) (Seybert, J.) ("Although Plaintiff styles some of her claims as raising constitutional issues, the allegations stem from a state domestic relations matter and are thus outside this Court's jurisdiction."); *Brown v. City of New York*, 19-CV-108 (BMC) (RLM), 2019 WL 235642, at *2 (E.D.N.Y. Jan. 16, 2019) (Cogan, J.) ("The gravamen of plaintiff's action is his request for custody of his children, and his request for monetary damages does not salvage his case. If the Court were to consider this request, it would have to wade into a domestic dispute and review state court custody determinations – a role that is wholly inappropriate for a federal court.").

The domestic relations exception deprives this Court of jurisdiction over Plaintiff's claims. The crux of Plaintiff's Complaint is the State's allegedly wrongful removal of his child from his custody. Plaintiff cannot avoid dismissal of his Complaint by raising constitutional claims and seeking compensatory damages in addition to the return of his child to his custody. To address any of Plaintiff's claims, this Court would need to "wade into a domestic dispute and

review state court custody determinations." *See Brown*, 2019 WL 235642, at *2. In accordance

with the domestic relations doctrine, this Court is precluded from doing so. *See Chapman*, 558

F. Supp. 3d at 51 ("[I]f the Court were to consider Plaintiff's claims, it would be required to

intrude into a family court matter, a position that is wholly inappropriate for a federal court.").

In his response to Defendant's motion to dismiss, Plaintiff argues the domestic relations

exception is inapplicable because "Plaintiff is entitled to a finding of liability under 42 U.S.C. §

1983, against the Defendant for the illegal deprivation of his private interest (child) without due

process of law in violation of his constitutionally protected rights." Pl. Mem., ECF No. 20, at 5.

Plaintiff's position ignores Defendant's argument—with which this Court agrees—that

Plaintiff's claims are "inextricably tied to the underlying domestic dispute" regarding the custody

of his child. Def. Reply at 6.

## Leave to Amend

Typically, a court should not dismiss a *pro se* complaint without granting leave to amend

unless amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). This

Court has carefully considered whether leave to amend is warranted and has determined

amendment would be futile here as Plaintiff's claims revolve entirely around state court matters

related to child custody. Accordingly, this Court denies Plaintiff leave to amend his complaint.

*See Meyers*, 2018 WL 3748156, at *4; *Dyer v. Edwin Gould Foster Care Agency*, 19-CV-0531

(AMD), 2019 WL 442150, at *2 (E.D.N.Y. Feb. 4, 2019) (Donnelly, J.).

## Conclusion

The Court hereby GRANTS Defendant's motion to dismiss, ECF No. 24, because the

Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant pursuant to the

domestic relations exception. Given the Court's dismissal of Plaintiff's Complaint, as well as

Plaintiff's failure to follow the Court's Individual Rules, the Court DENIES Plaintiff's submission titled "Motion for Summary Judgment" at ECF No. 34.

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order and the judgment to Plaintiff, note the service on the docket, and close the case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2023
       Brooklyn, New York

6